UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PASTOR ISABEL VELA,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF VISALIA, et al.,<br><br>Defendants. | Case No. 1:25-cv-00323-KES-EPG<br><br>ORDER DENYING MOTION TO DISQUALIFY COUNSEL<br><br>(ECF No. 6) |

## I.    INTRODUCTION

Plaintiff proceeds *pro se* in this civil case removed on March 17, 2025. Generally, Plaintiff challenges the seizure of a vehicle and validity of a related search warrant. (ECF No. 1).

Now before the Court is Plaintiff's motion, filed on April 4, 2025, to disqualify defense counsel from representing Defendants Michael Morgantini, Martin Aguilar, and Miguel Leon. (ECF No. 6). Defendants, all represented by the same counsel, opposed the motion on April 18, 2025. (ECF No. 10). Plaintiff has not filed a reply, and the time to do so has expired. *See* Local Rule 230(d) (providing 10 days for a reply after an opposition is filed). For the reasons given below, the Court will deny Plaintiff's motion to disqualify counsel.

## II.    DISCUSSION

In *Lennar Mare Island, LLC v. Seadfast Insurance Co.*, the Court provided the following relevant standards regarding disqualification of counsel:

> This District has adopted the Rules of Professional Conduct of the State Bar of California, and any applicable state court decisions, as its own standards of

1

> professional conduct. E.D. Cal. L.R. 180(e). The District's local rules require both familiarity and compliance with California's Rules. *Id.*
>
> . . . .
>
> If an attorney or firm takes on a representation in violation of these rules, a client may move for disqualification. *See* E.D. Cal. L.R. 110 ("Failure of counsel ... to comply with these Rules ... may be grounds for imposition ... of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); *Visa U.S.A., Inc. v. First Data Corp.*, 241 F.Supp.2d 1100, 1103 (N.D.Cal.2003) ("The right to disqualify counsel is within the discretion of the trial court as an exercise of its inherent powers.") (citing *United States v. Wunsch*, 84 F.3d 1110, 1114 (9th Cir.1996)). . . .
>
> Disqualification is a blunt tool meant to encourage wide berth of ethical grey areas, its ruthlessness warranted only after a clear showing of conflict. On the one hand, "[b]ecause disqualification is a drastic measure, it is generally disfavored and should only be imposed when absolutely necessary." *Concat LP v. Unilever*, PLC, 350 F.Supp.2d 796, 814 (N.D.Cal.2004). *See also Gregori v. Bank of Am.*, 207 Cal.App.3d 291, 300–01, 254 Cal.Rptr. 853 (1989) ("[M]otions to disqualify counsel often pose the very threat to the integrity of the judicial process that they purport to prevent."); *Visa*, 241 F.Supp.2d at 1104 ("[S]uch requests 'should be subjected to particularly strict judicial scrutiny.' " (quoting *Optyl Eyewear Fashion Int'l Corp. v. Style Cos.*, 760 F.2d 1045, 1050 (9th Cir.1985))).

105 F. Supp. 3d 1100, 1007-08 (E.D. Cal. 2015) (alterations within parentheticals in original).

Generally, Plaintiff argues that defense counsel cannot properly represent both the City of Visalia and the individual Defendants because counsel may have some bias in their favor, may not truly be independent, may not protect his rights, and it may send the wrong message. For example, he states, among other things:

> City attorneys may feel loyalty to the police force or have relationships within the department, leading to an unconscious or conscious bias in favor of the officer.
>
> . . . .
>
> If the city attorney is defending the officer, it could undermine the independence of the legal process. The city attorney may be more concerned about preserving the reputation of the police department or avoiding financial liability for the city, rather than fully addressing constitutional violations or the harm caused to the plaintiff.
>
> . . . .
>
> If the city attorney is focused on protecting the officer, they may not fully engage in defending the plaintiff's constitutional rights.
>
> . . . .
>
> Since the city attorney's primary responsibility is to represent the interests of the city, they may not have the same level of motivation to push for justice on behalf

2

> of the plaintiff.
>
> . . . .
>
> When a city attorney defends an officer against constitutional violations, it can send the message that the city or police department is not truly concerned with upholding citizens' rights or holding officers accountable.

(ECF No. 6, p. 2, 3).

Defendants argue that Plaintiff provides no bases to disqualify their counsel. (ECF No. 10). The Court agrees.

First, Plaintiff has not shown any violation of the Rules of Professional Conduct of the State Bar of California, any impermissible conflict, or any other basis to disqualify defense counsel from representing Defendants in this case. Rather, the authority he relies on, Cal. Gov't Code § 995, 995.2, is inapposite.

> Except as otherwise provided in Sections 995.2 and 995.4, upon request of an employee or former employee, a public entity shall provide for the defense of any civil action or proceeding brought against him, in his official or individual capacity or both, on account of an act or omission in the scope of his employment as an employee of the public entity.
>
> For the purposes of this part, a cross-action, counterclaim or cross-complaint against an employee or former employee shall be deemed to be a civil action or proceeding brought against him.

Cal. Gov't Code § 995. This section allows a public entity to defend an employee; it does not permit Plaintiff to move to disqualify counsel for a public employee.

Section 995.2(a) permits a public entity to "refuse to provide for the defense of a civil action or proceeding brought against an employee or former employee" for a variety of reasons, including if "[t]he act or omission was not within the scope of his or her employment" or "[h]e or she acted or failed to act because of actual fraud, corruption, or actual malice." This section permits a public entity to refuse to provide a defense on certain grounds; it does not permit Plaintiff to move to disqualify counsel for a public employee.

Plaintiff also cites caselaw to support his position. (ECF No. 6, pp. 4-6). As an initial matter, the Court notes that these citations (with an exception discussed below) do not bring up the cases as Plaintiff cites them: *Miller v. Allstate Ins. Co.*, 585 F.3d 1168 (9th Cir. 2009); *United States v. Pineda*, 556 F.3d 1180 (9th Cir. 2009); and *Nob1e v. City of Miami*, 121 F.3d 918 (11th Cir. 1997). Plaintiff is advised that he must ensure that he accurately cites cases in his legal briefs

3

going forward. The only properly cited case, *McKinney v. Pate*, 20 F.3d 1550 (11th Cir. 1994), concerns due process violations, not disqualification of counsel, and the Court fails to see how it supports Plaintiff's motion at all.

### III.    ORDER

For the reasons given above, **IT IS ORDERED** that Plaintiff's motion to disqualify defense counsel is denied. (ECF No. 6).

IT IS SO ORDERED.

Dated:   **May 21, 2025**                    /s/ Erica P. Grosjean
                                              UNITED STATES MAGISTRATE JUDGE

4