**PASTOR ISABEL VELA**
**C/O 2727 NORTH GROVE INDUSTRIAL DR #105**
**FRESNO CA 93727**

IN PRO SE

LODGED
MAY 29 2025
CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
          DEPUTY CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

PASTOR ISABEL VELA ) Case No: 1:25-CV-00323-KES-EPG
         PLAINTIFF )
                   ) **FIRST AMENDED COMPLAINT FOR**
Vs.                ) **DAMAGES**
                   )
VISALIA POLICE DEPATMENT, DOE )  1. Violation of Civil Rights
MORGAN, DOE AGUILAR and DOE   )     (42 U.S.C 1983)
LEON                          )  2. FIRST AMENDMENT VIOLATIONS
         Respondent           )     (Free Exercise of
                              )     Religion)
                              )  3. EIGHT AMENDMENT VIOLATIONS
                              )  4. FOURTEENTH AMENEDMENT DUE
                              )     PROCESS
                              )  5. HATE CRIMES 18 U.S.C 249)
                              )  6. DECLARATORY AND INJUNCTIVE
                              )     RELIEF

Plaintiff alleges:

1. JURISDICTION AND VENUE Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343(a)(3), as this action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983. Venue is proper in the Eastern District of California under 28 U.S.C. § 1391(b), as all defendants reside in this district and the events giving rise to the claims occurred here.

- 1

2. PARTIES Plaintiff alleges the violations and harm occurred in the County of Tulare and is a leader of a church community program within the same County. Defendants are the City of Visalia and law enforcement officers employed by the Visalia Police Department, sued in their individual. Plaintiff is unaware of the names of DOES 1 through 10 and will amend the complaint upon discovery.

1. FACTUAL ALLEGATIONS

On or about February 10, 2025, Visalia Police Department officers entered Plaintiff's church office without leaving a copy of a search warrant. Defendants seized Plaintiff's vehicle without just cause or probable cause, violating her Fourth Amendment rights (*Groh v. Ramirez*, 540 U.S. 551 (2004)). Defendants targeted the youth participants of the church's religious and outreach program, despite the absence of evidence, demonstrating religious discrimination and violation of First and Fourteenth Amendment protections (*Church of the Lukumi Babalu Aye, Inc. v. Hialeah*, 508 U.S. 520 (1993)). Defendants intentionally targeted Plaintiff because of our assisting the youth they have targeted, in changing their lives and seeking better ways. Because we provide counseling, youth services, and outreach on Saturdays and Sundays from 11am-2pm, the defendants targeted our church office knowing the youth had no access. Defendants knew or should have known due to

advertising, that the office was a Church office, and that the youth had access to the vehicle in question a 2001 Dodge Ram 1500 as it was utilized with consent during the hours of the Youth groups for yard services and junk removals for the community. Due to the defendants targeting our Church office and vehicle only because we are a place of gather for our Youth and not having ANY direct evidence to the office or truck is why this constitutes a hate crime under the federal Hate Crimes Act, 18 U.S.C. § 249, as the targeting was motivated by Plaintiff's religious affiliation and leadership.

Defendants provided a search warrant for the vehicle 2 days after removing the vehicle and taking it into custody. This only occurred because I, the Plaintiff, went to the Police Dept for a copy. (Video is available to support). Further, this video will support that the only search warrant provided were for the Truck and NOT entry to the office. The alleged warrant for the offices have NEVER been produced thus because they failed to provide one for the church offices, it renders the church search unlawful. The warrant issued for the truck was overbroad and lacked particularity in violation of the Fourth Amendment (*Stanford v. Texas*, 379 U.S. 476 (1965); *Groh*, supra).

Due to Defendants' actions, Plaintiff lost access to the church office and vehicle used for charitable work for 45 days. These

unlawful seizures caused disruption of church operations and disbandment of a youth outreach group.

Key Principle:

- Government actions, including criminal investigations, must not **burden the free exercise of religion** unless they meet **strict scrutiny**—meaning the state must show a **compelling governmental interest** and must use the **least restrictive means**.

Case Law:

- **Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah**, 508 U.S. 520 (1993): Laws or actions targeting religious practices are unconstitutional unless narrowly tailored to serve a compelling interest.
- **McDaniel v. Paty**, 435 U.S. 618 (1978): States cannot impose burdens on religious practice or religious institutions unless justified by overriding interests.

The plaintiff was subsequently at a later date - 7days after, arrested under a $100,000 Ramey warrant and subjected to cruel and unusual punishment in violation of the Eighth Amendment, including psychological coercion, loss of liberty, and mistreatment while in interrogation. She was released without being brought before the judge who issued the warrant.

- 4

Defendants also confiscated a church-owned cell phone protected under clergy-penitent privilege, interfering with confidential religious counseling and communication. Plaintiff was forced to secure a new cellular contract to continue her ministry and serve congregants.

4. LEGAL ARGUMENT REGARDING REPRESENTATION

Plaintiff argues that the City Attorney may not ethically or legally represent the Defendant Officers in their individual capacities. The City Attorney's primary duty is to represent the interests of the City of Visalia. Representation of individuals being sued in their personal capacity for constitutional violations poses an inherent **conflict of interest** and undermines impartiality. This dual representation is barred under California Rules of Professional Conduct, Rule 1.7, which prohibits representation where interests may materially limit the attorney's duties to another client.

Furthermore, courts have held that conflicts arise when municipal attorneys attempt to represent both a government entity and individual officers sued personally. (*Canatella v. California*, 404 F.3d 1106 (9th Cir. 2005)). Plaintiff reserves the right to move for disqualification of such counsel if this conflict persists.

5. CAUSES OF ACTION

**First Cause of Action:** Violation of Civil Rights under 42 U.S.C. § 1983

**Second Cause of Action:** Violation of First Amendment Rights (Free Exercise of Religion)

**Third Cause of Action:** Unlawful Search and Seizure (Fourth Amendment)

**Fourth Cause of Action:** Cruel and Unusual Punishment (Eighth Amendment)

**Fifth Cause of Action:** Violation of Due Process (Fourteenth Amendment)

**Sixth Cause of Action:** Violation of Federal Hate Crimes Act (18 U.S.C. § 249)

**Seventh Cause of Action:** Declaratory and Injunctive Relief under 28 U.S.C. § 2201

6. PRAYER FOR RELIEF Wherefore, Plaintiff respectfully requests: a. Compensatory damages according to proof; b. Punitive damages; c. Declaratory relief that Defendants' actions were unconstitutional; d. Injunctive relief barring further retaliation or illegal searches; e. Disqualification of city attorneys from representing individual officers; f. Attorneys' fees and costs under 42 U.S.C. § 1988; g. Any other relief the court deems just and proper.

Dated this 22ND day of May, 2025.

*Pastor Isabel Vela* (signature)
Pastor Isabel Vela

I declare under the penalty of perjury the forgoing be true and correct.