UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PASTOR ISABEL VELA,<br><br>        Plaintiff,<br><br>    v.<br><br>CITY OF VISALIA, et al.,<br><br>        Defendants. | 1:25-cv-00323-KES-EPG<br><br>ORDER DENYING MOTION FOR PROTECTIVE ORDER WITHOUT PREJUDICE<br><br>(ECF No. 21)<br><br>ORDER REGARDING WITNESS LIST AND REQUEST FOR SUBPOENAS<br><br>(ECF No. 22). |

Plaintiff proceeds *pro se* in this civil case removed on March 17, 2025. Generally, Plaintiff challenges the seizure of a vehicle and the validity of a related search warrant. (ECF No. 14). Now before the Court are two filings: (1) Plaintiff's motion for a protective order and (2) Plaintiff's witness list and request for subpoenas. (ECF Nos. 21, 22).

**I.     MOTION FOR PROTECTIVE ORDER**

As for the motion for a protective order, Plaintiff "seeks to prohibit any and all discovery, questioning, subpoenas, depositions, or other forms of inquiry into matters of ecclesiastical governance, clergy responsibilities, religious association, pastoral communication, or internal church records." (ECF No. 21, p. 2). Plaintiff generally claims that such discovery would violate her constitutional rights under the First Amendment.

Federal Rule of Civil Procedure 26(c) provides, in part, that "Any party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . . The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court

1

action." Fed. R. Civ. P. 26(c).

The Court will deny Plaintiff's motion for protective order without prejudice because it does not comply with this rule. First, it does not indicate that any discovery has been sought on these topics. Plaintiff's motion does not, for example, describe any pending discovery requests from Defendants seeking information regarding matters of ecclesiastical governance or other such topics.

Second, Plaintiff's motion does not include a certification that she has in good faith conferred or attempted to confer with the other affected parties before filing this motion.

Additionally, Plaintiff's motion does not comply with this Court's scheduling order because Plaintiff has not first requested an informal conference. As noted in the Court's May 29, 2025 scheduling order, "[i]n order to file a motion involving a discovery dispute, *see* Fed. R. Civ. P. 26 through 37 and 45, a party must receive permission from the Court following an informal telephonic discovery dispute conference." (ECF No. 17, p. 4). Footnote 2 to the order provides that discovery disputes are construed broadly and include disputes relating to protective orders. (*Id.*).

## II.   NOTICE OF INTENDED WITNESS LIST AND REQUEST FOR SUBPOENAS

Plaintiff's Notice of Intended Witness List and Request for Subpoenas (ECF No. 22) provides a list of witnesses and also "requests the Clerk of the Court issue signed, blank subpoenas so that proper service and scheduling may occur" for the issuance of subpoenas for the listed individuals "at deposition, hearing, or trial." (ECF No. 22, at p. 3).

As for the witness list, Plaintiff states that she is providing a list of witnesses under Federal Rule of Civil Procedure 26(a)(1)(A)(i), which requires a party to "provide to the other parties" certain categories of information. (ECF No. 22, pp. 1-2); Fed. R. Civ. P. 26(a)(1)(A)(i). However, that Rule only requires that a party must "provide to the other parties" such information—not that the information be filed with the Court.

Moreover, Federal Rule of Civil Procedure 5(d)(1) further clarifies that "disclosures under Rule 26(a)(1) or (2) and the following discovery requests and responses must not be filed until they are used in the proceeding or the court orders filing: depositions, interrogatories, requests for documents or tangible things or to permit entry onto land, and requests for admission." Fed. R.

Civ. P. 5(d)(1).

Here, because the witness list is not being used in connection with any proceeding, nor has the Court ordered it to be filed, Plaintiff's filing of the witness list is improper. The Court will take no action on this witness list.

As for the requests for subpoenas, Plaintiff asks that "the Court authorize the issuance of subpoenas to secure the attendance of the [the persons listed in the witness list] at deposition, hearing, or trial as required. Plaintiff requests that the Clerk of Court issue signed, blank subpoenas so that proper service and scheduling may occur." (ECF No. 22, p. 2).

Federal Rule of Civil Procedure 45 describes the form and contents of subpoenas, and states that "[t]he clerk must issue a subpoena signed but otherwise in blank, to a party who requests it." Fed. Civ. P. 45(a)(1)(A)(3).

However, Plaintiff's motion does not request any specific subpoena for any specific discovery. Instead, it lists 6 individuals and asks for the Court to authorize "the issuance of subpoenas to secure the attendance of the above-named individuals at deposition, hearing, or trial as required." (ECF No. 22, p. 3). It thus appears to request that the Court provide Plaintiff with an unidentified number of blank subpoenas to use for any purpose throughout the case.

The Court will deny this motion without prejudice. If Plaintiff seeks a specific subpoena for a specific purpose in the future, she may request a subpoena from the clerk, which Plaintiff "must complete . . . before service" including all of the information in Rule 45.[1]

Additionally, to the extent Plaintiff requests an order from this Court authorizing those subpoenas, rather than just a signed form from the Clerk, the Court declines to do so at this time. Plaintiff has provided no information regarding the necessity of this discovery. *See Cortinas v. Vasquez*, No. 1:19-CV-00367-JLT-SKO (PC), 2022 WL 1053298, at *1 (E.D. Cal. Apr. 7, 2022) ("Although Rule 45(a)(3) provides that [t]he clerk must issue a subpoena, signed but otherwise blank, to a party who requests it, the subpoena is subject to the relevance requirements set forth in Rule 26(b) and may require the production of documents which are nonprivileged and relevant to

---

[1] The Court notes that Plaintiff is not proceeding *in forma pauperis* and therefore is responsible for serving her own subpoenas at her own expense. *See* Fed. R. Civ. P. 45(b)(1) ("Any person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law.").

any party's claim or defense and proportional to the needs to the case."); *Ross v. Steinwand*, No. CV 14-5291-RGK (KES), 2015 WL 13916191, at *1 (C.D. Cal. Sept. 3, 2015) ("A *pro se* plaintiff's ability to obtain a subpoena commanding the production of documents from a non-party is subject to certain limitations. The Court will not issue a subpoena unless the documents sought from the non-party are not otherwise available to the plaintiff or cannot be obtained from the defendant through a request for the production.").

Accordingly, IT IS ORDERED as follows:

1. Plaintiff's motion for a protective order (ECF No. 21) is DENIED without prejudice.
2. Plaintiff's request for subpoenas (ECF No. 22) is DENIED without prejudice.

IT IS SO ORDERED.

Dated: __**July 24, 2025**__           /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE

4