UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PASTOR ISABEL VELA,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF VISALIA, et al.,<br><br>Defendants. | Case No.   1:25-cv-00323-KES-EPG<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT BE DENIED<br><br>(ECF No. 28)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY (30) DAYS |

## I.   INTRODUCTION

Plaintiff proceeds *pro se* in this removed civil case. (ECF No. 1). Generally, Plaintiff's operative, first amended complaint challenges the seizure of a vehicle and validity of a related search warrant. (ECF No. 14).

Now before the Court is Plaintiff's motion for leave to file a second amended complaint. (ECF No. 28). Defendants oppose leave to amend. (ECF No. 29).

Upon review of the parties' arguments and the record, the Court will recommend denying Plaintiff's motion for leave to file a second amended complaint.

## II.   BACKGROUND

Defendants removed this case from the Tulare County Superior Court on March 17, 2025. (ECF No. 1). The Court issued a scheduling order on May 29, 2025, setting a non-expert discovery deadline of March 13, 2026, an expert disclosure deadline of April 9, 2026, a dispositive motion deadline of July 10, 2026, and a jury trial date of March 2, 2027. (ECF No.

1

17).

On June 13, 2025, the Court granted Plaintiff permission to file a first amended complaint. (ECF Nos. 13, 14, 19). The first amended complaint, mainly brought under 42 U.S.C. § 1983, challenges the seizure (and underlying warrant) of Plaintiff's vehicle and brings six counts against named Defendants the City of Visalia, the Visalia Police Department, and three Visalia Police Department officers. (ECF No. 14). Among other things, Plaintiff alleges that Defendants seized her vehicle without probable cause in violation of the Fourth Amendment, improperly targeted her because of her work as a youth pastor in violation of the First Amendment, and subjected her to cruel and unusual punishment after she was arrested in violation of the Eighth Amendment.

On April 13, 20026, a month after the non-expert discovery deadline expired, Plaintiff moved for leave to file a second amended complaint based on purportedly newly discovered evidence, including "[e]vidence contradicting prior representations by officers." (ECF No. 28, p. 3).[1] Her proposed amended complaint seeks to add a new Defendant—Officer Brennan Gonzalez—as well as additional claims, including retaliation in violation of the Eighth Amendment, based on Plaintiff preparing to speak at a city council meeting.

Defendants' opposition, filed on April 27, 2026, argues that Plaintiff fails to identify any newly discovered evidence to support amendment. (ECF No. 29, pp. 4–6). Further, they contend that leave to amend would be futile, and that defendants would be unfairly prejudiced if leave to amend were granted because many of the deadlines in the scheduling order have expired and the trial would have to be continued. (*Id.* at 7–8).

Plaintiff has not filed a reply, and the time to do so has expired. *See* Local Rule 230(d) (providing 10 days for a reply after an opposition is filed).

On May 22, 2026, the assigned District Judge referred the motion to amend to the undersigned. (ECF No. 28).

### III.   LEGAL STANDARDS

Under Rule 15(a), a party may amend a pleading once as a matter of course within twenty-one days of service, or if the pleading is one to which a response is required, twenty-one days

---

[1] For readability, the Court has made minor alterations to some of Plaintiff's quotations, such as altering punctuation, without indicating each change.

after service of a motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1)(B). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

Granting or denying leave to amend is in the discretion of the Court. *Swanson v. United States Forest Service*, 87 F.3d 339, 343 (9th Cir. 1996). And where, as here, the plaintiff has already amended the complaint before, "[t]he district court's discretion to deny leave to amend is particularly broad." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (citation omitted).

"Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the plaintiff has previously amended the complaint." *Desertrain v. City of L.A.*, 754 F.3d 1147, 1154 (9th Cir. 2014) (quoting *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir.2004). "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam).

### IV.   ANALYSIS

Based on consideration of the relevant factors, the Court recommends denying Plaintiff's request to further amend her complaint.

As an initial matter, Defendant does not argue, and the Court does not find, that Plaintiff is acting in bad faith by seeking leave to amend.

Turning to undue delay, Defendants argue that Plaintiff fails to identify any newly discovered facts to support amendment; rather, the record indicates that the underlying facts to support her claims have been known to her for some time. (ECF No. 29, pp. 4–6). The Court agrees.

In her motion, Plaintiff describes the newly discovered information as follows:

> Evidence contradicting prior representations by officers;
> Information demonstrating expanded involvement of named Defendants;
> Facts supporting additional constitutional violations; [and],
> Evidence supporting municipal liability under *Monell.*

(ECF No. 28, p. 3). She states that she discovered this information after Defendants produced discovery that she had requested months earlier. (*Id.*).

3

However, Plaintiff does not identify any specific discovery document or critical fact that she recently learned and could not have determined at an earlier time.  Plaintiff does not identify the specific "evidence" that contradicted prior representations by officers, state what discovery was recently produced that contained this "evidence," nor explain how such information would support amendment.

Moreover, as Defendant notes, some of the facts alleged in the proposed second amended complaint would have been known to Plaintiff at the time she filed her original and amended complaints. For example, Plaintiff seeks to bring a retaliation claim based on her arrest in connection with a city council meeting that she intended to speak at in February 2025, before she filed her complaint in this case in March 2025. (ECF No. 28, pp. 12, 14, 16).

Moreover, to the extent that Plaintiff is alleging that she has additional facts to support her existing claims, she does not need to amend her operative complaint.

Accordingly, the record demonstrates that Plaintiff has unduly delayed seeking leave to amend. *See Ahdom v. Lopez*, No. 1:09-CV-01874-AWI, 2012 WL 117994, at *2 (E.D. Cal. Jan. 13, 2012) (denying leave to amend, in part, because amendment was not based on newly discovered facts).

Turning to prejudice to the remaining parties, defendants argue that "[d]iscovery in this case has closed and the date upon which expert disclosures were to have been made [April 9, 2026] has come and gone" and "[a]mending the pleadings at this late stage would be highly prejudicial to CITY and would likely impact not only the Court's scheduling order but also the March 2027 trial date." (ECF No. 29, p. 7). The Court agrees.

This case has been pending since March 2025. The non-expert and expert disclosure deadlines have expired. Allowing Plaintiff to further amend her complaint at this time, including the addition of a new defendant, would interfere with the upcoming dispositive motion deadline (July 10, 2026), and if necessary, trial date (March 2, 2027). (ECF No. 17). Such delay prejudices Defendants. *See Est. of Marrufo v. City of Bakersfield*, No. 1:24-CV-00274-CDB, 2025 WL 3228127, at *7 (E.D. Cal. Nov. 19, 2025) ("Defendants reasonably characterize the not-insignificant prejudice they face if Plaintiffs are granted leave to amend the pleadings – reopening and engaging in discovery, resetting motion filing and hearing deadlines, redrafting their

(pending) motion for summary judgment, and delaying the pretrial conference and preparations for trial.").

Regarding futility of amendment, defendants argue that Plaintiff's proposed amendment would be futile because her proposed "equal protection/selective enforcement" claim is not based on any "allegation nor facts in which to support that the Plaintiff was treated differently from others similarly situated with respect to the selective enforcement of any laws of the state of California or the United States." (ECF No. 29, p. 6; *see* ECF No. 28, p. 18).  The Court agrees. Plaintiff's "equal protection/selective enforcement" claim appears to be based solely on the allegation that "Plaintiff was the only registered owner [presumably of the vehicle at issue] arrested despite evidence involving other individuals." (ECF No. 28, p. 18).  To establish a violation "under the equal protection clause of the Fourteenth Amendment, a plaintiff must demonstrate that enforcement had a discriminatory effect and the police were motivated by a discriminatory purpose," with a discriminatory effect being established by showing that similarly situated persons were not prosecuted. *Rosenbaum v. City & Cnty. of San Francisco*, 484 F.3d 1142, 1152 (9th Cir. 2007). Here, Plaintiff's proposed second amended complaint contains no allegations to support this element of her claim and thus the proposed amendment would be, at least in part, futile.

Finally, Plaintiff has already amended her complaint once in this case. (*See* ECF Nos. 14, 19).

In short, the relevant factors weigh in favor of denying Plaintiff further leave to amend her complaint.

## V.   CONCLUSION AND RECOMMENDATIONS

For the reasons given above, IT IS RECOMMENDED that Plaintiff's motion for leave to file a second amended complaint be denied. (ECF No. 28).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, any party may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and

filed within fourteen (14) days after service of the objections. Any objections shall be limited to no more than fifteen (15) pages, including exhibits.

The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 2, 2026**                    /s/ Erica P. Grosjean

UNITED STATES MAGISTRATE JUDGE